IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHANE R. PRICE,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>Defendant. | CV 16-08-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATION TO GRANT SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF** |

## I. SYNOPSIS

The Commissioner determined that Mr. Price was disabled as of December 22, 2003. On June 4, 2015, the ALJ determined that as of June 1, 2014, Mr. Price was no longer disabled thereby terminating his entitlement to benefits. The ALJ's determination is the final decision of the Commissioner. The Commissioner erred in determining that Mr. Price experienced medical improvement as of June 1, 2014. The case should therefore be remanded for further proceedings consistent with this order.

## II. JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (2015). The Great Falls Division of the District of Montana is the proper venue because Mr. Price was a resident of Cascade County, Montana, when the action commenced. Doc. 2 at 2; 42 U.S.C. 405(g); Local Rule 1.2(c)(2).

## III. STANDARDS

### A. Court's role

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Hum. Services*, 846 F.2d 573, 576 (9th Cir. 1988).

The district court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the

Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

**B.     Disability criteria**

To determine whether a claimant continues to be disabled for purposes of the Social Security Act, an Administrative Law Judge (ALJ) follows an eight-step process. 20 C.F.R. § 404.1594. At step one, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). If yes and any applicable trial work period has been completed, the claimant is no longer disabled and the inquiry ends. *Id.*

At step two, the ALJ determines whether the claimant has an impairment or combination of impairments that meet or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. 20 C.F.R. § 404.1594(f)(2). If yes, the disability continues. *Id.* If no, the analysis proceeds to step three.

At step three, the ALJ must determine whether medical improvement has occurred. 20 C.F.R. § 404.1594(f)(3). If there has been medical improvement, the analysis continues to step four. 20 C.F.R. § 404.1594(f)(3). If not, the analysis proceeds to step five. *Id.*

At step four, the ALJ determines whether medical improvement is related to the claimant's ability to work. 20 C.F.R. § 404.1594(f)(4). If the claimant's medical improvement does not relate to his ability to work, the analysis proceeds to step five.

20 C.F.R. § 404.1594(f)(4). If it does, the analysis proceeds to step six. *Id.*

At step five the ALJ determines if an exception to medical improvement applies. 20 C.F.R. § 404.1594(f)(5). There are two groups of exceptions. 20 C.F.R. § 404.1594(d) and (e). If none apply, the claimant's disability continues. 20 C.F.R. § 404.1594(f)(5). If one of the first group of exceptions applies, the analysis proceeds to step six. *Id.* If one of the second group of exceptions applies, the claimant's disability ends. *Id.*

At step six, the ALJ determines whether all of the claimant's current impairments in combination are severe. 20 C.F.R. § 404.1594(f)(6). If they are not, the claimant is no longer disabled. *Id.* If they are, the analysis proceeds to step seven. *Id.*

At step seven, the ALJ assesses the claimant's residual functional capacity based upon current impairments and determines whether the claimant can perform past relevant work. 20 C.F.R. § 404.1594(f)(7). If the claimant can perform past relevant work, his disability has ended. *Id.* If the claimant cannot, the ALJ proceeds to step eight. *Id.*

At step eight, the ALJ determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1594(f)(8). If so, the claimant is no longer disabled. *Id.*

If not, the claimant's disability continues. *Id.*

## IV. BACKGROUND

### A. Procedural history

In a decision dated December 22, 2003, Shane R. Price was found to be disabled as of December 13, 2002, and thereby entitled to benefits. (Doc. 11 at 87-95) On June 17, 2014, it was determined that Mr. Price was no longer disabled as of June 1, 2014. (*Id.* at 115-116) Mr. Price timely requested reconsideration of this determination. (*Id.* at 117) A State agency Disability Hearing officer held a hearing to reconsider the determination and upheld the determination in a September 4, 2016, decision. (*Id.* at 120-129)

On September 8, 2014, Mr. Price timely filed a written request for a hearing before an Administrative Law Judge. (*Id.* at 132) The ALJ held the requested hearing on March 2, 2015. (*Id.* at 29-86) Mr. Price attended this hearing with counsel and testified. (*Id.*) In a June 4, 2015, decision, the ALJ determined that Mr. Price's disability ended as of June 1, 2014, thereby terminating Mr. Price's entitlement to benefits. (*Id.* at 13-20) Mr. Price timely requested review of the ALJ's decision on July 9, 2014. (*Id.* at 7) The Appeals Counsel denied Mr. Price's request for review on December 15, 2015, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 1-5)

On February 8, 2016, Mr. Price timely filed this action seeking judicial review of the Commissioner's decision. (Doc. 2) Mr. Price filed an opening brief requesting the Court to enter summary judgment in his favor and reverse or remand the Commissioner's decision. (Doc. 12) The Commissioner filed a response brief requesting the Court to affirm the Commissioner's decision. (Doc. 17) Mr. Price filed a reply brief. (Doc. 18) The matter is ripe for decision.

**B. ALJ's determination**

The ALJ initially determined that December 22, 2003, was the "comparable point decision" or CPD and that at the CPD Mr. Price had the following medically determinable impairments: status-post kidney transplant and focal glomerulosclerosis causing renal failure. (Doc. 11 at 14-15)

Proceeding to the eight step analysis, at step one, the ALJ determined that through June 1, 2014, the date it had been determined that Mr. Price's disability had ended, he had not engaged in substantial gainful activity. (*Id.* at 15) At step two, the ALJ determined that as of June 1, 2014, Mr. Price had the following medically determinable impairments: status-post kidney transplant, major depressive disorder, and anxiety related disorder; and that Mr. Price did not have an impairment of combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) At step three,

the ALJ determined that Mr. Price experienced medical improvement as of June 1, 2014. (*Id.*) At step four, the ALJ determined that Mr. Price's medical improvement is related to his ability to work. (*Id.* at 16.)

Given the ALJ's determinations at steps three and four, the analysis proceeded to step six where the ALJ determined that as of June 2, 2014, Mr. Price continued to have a severe impairment of combination of impairments. (*Id.*) At step seven, the ALJ assessed Mr. Price's residual functional capacity in light of his severe impairments and determined that he his able to perform light work with several exceptions. (*Id.* at 16-17) At step eight, the ALJ determined that considering his age, education, work experience, and residual functional capacity Mr. Price was able to perform a significant number of jobs in the national economy as a cashier, event staff/ticket checker, and security screener and as such his disability ended as of June 1, 2014. (*Id.* at 19-20)

### C. Mr. Price's Position

Mr. Price's argues that the ALJ erred in determining that medical improvement occurred as of June 1, 2014, because this determination is not supported by substantial evidence and/or is premised on legal error.

### D. The Commissioner's Position

The Commissioner argues that the ALJ determination that Mr. Price was no

longer disabled as of June 1, 2014, is supported by substantial evidence and is not based on legal error. As such, the Commissioner argues that her decision to terminate Mr. Price's benefits should be affirmed.

## V. ANALYSIS

The Court determines after a review of the record that the ALJ's determination at step three that medical improvement occurred as of June 1, 2014, is premised on legal error and is not supported by substantial evidence. The case should therefore be remanded to the ALJ to make the step five determination.

### A. Medical Improvement

#### 1. Legal Standards

The Commissiner may terminate benefits if:

(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and

(B) the individual is now able to engage in substantial gainful activity

42 U.S.C. § 423(f)(1).

Medical improvement is defined as follows:

Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or

8

laboratory findings associated with your impairment(s).

20 C.F.R. § 416.994(b)(1).

In relation to determining whether there has been medical improvement, 20 C.F.R. § 404.1594(b)(7) provides:

> For purposes of determining whether medical improvement has occurred, we will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time.

The Commissioner bears the burden of establishing that a claimant has experienced medical improvement that would allow him to engage in substantial gainful activity. *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir.1983). However, the Court may set aside the ALJ's decision only when the decision is not supported by substantial evidence or when the decision is premised on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005).

### 2. Analysis

At the time of Mr. Price's CPD (December 22, 2003), he was found to be disabled because he had the following medically determinable impairments: status-post kidney transplant and focal glomerulosclerosis renal failure. (Doc. 11 at 15.) Mr. Price argues the ALJ erred in determining that he experienced medical improvement as of June 1, 2014, because there is no evidence that his anxiety and depression have

improved. (Doc. 12 at 24.) However, pursuant to 20 C.F.R. § 404.1594(b)(1) the relevant inquiry is whether there has been "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled." Mr. Price's anxiety and depression were not impairments that were present at the time of his CPD. Therefore, whether these subsequently acquired impairments have improved is not relevant to the medical improvement analysis at step three. Mr. Price makes a similar argument in relation to a claimed speech impairment that was also not present at CPD and this argument fails for the same reason.

In relation to his renal function, Mr. Price argues that he has not experienced medical improvement and continues to suffer from significant kidney transplant related impairments that preclude him from working. (*Id.*) The Commissioner argues Mr. Price's impairments have improved because he no longer meets a listing. However, whether Mr. Price currently meets a listing is step two of the eight step analysis. Whether Mr. Price currently meets a listing is a different issue than whether his impairments at CPD have medically improved, which is step three of the eight step analysis.

In rejecting Mr. Price's claim of continued disability, the ALJ determined that the medical evidence supports a finding that "medical improvement occurred as of

June 1, 2014, because "there had been a decrease in medical severity of the impairments present at the time of the CPD." (Doc. 11 at 15) The reasons the ALJ articulated in support of this determination are (1) Mr. Price received a kidney transplant at Virginia Mason, and had generally done well since; (2) per available records brought with Mr. Price, his baseline serum creatinine was less than 1.8 dating back to at least 2008; (3) he denied episodes of rejection. (*Id.*)

What the ALJ failed to do, however, is compare the current severity of Mr. Price's renal function impairments with the severity of his impairments when he was deemed disabled on December 22, 2003. 20 C.F.R. § 404.1594(b)(7) requires this comparison. The ALJ committed legal error by failing to perform this required comparison.

Next, turning to the reasons the ALJ cited in support of his medical improvement determination at step three, reason (1) fails to provide substantial evidence of medical improvement because at the time of CPD Mr. Price had received a kidney transplant and the ALJ cites no evidence establishing that he was not doing well with his transplant at CPD. Reason (2) fails to provide substantial evidence of medical improvement because the ALJ cited no evidence establishing Mr. Price's baseline serum creatinine level at CPD. Therefore, whether a serum creatinine level of less than 1.8 as of June 1, 2014, and dating back to at least 2008 is evidence of

medical improvement is speculative. Reason (3) fails to provide substantial evidence of medical improvement because the ALJ cited no evidence that Mr. Price was experiencing episodes of rejection at CPD.

### 3. Conclusion

The ALJ's determination that Mr. Price experienced medical improvement at step three is not supported by substantial evidence. Therefore, this action should be remanded to the ALJ to make the appropriate step five determination.

## VI. FINDINGS AND RECOMMENDATION

The Court **FINDS**:

1. The ALJ's determination at step three is premised on legal error.

2. The ALJ's determination at step three is not supported by substantial evidence.

The Court **RECOMMENDS**:

1. Mr. Price's Motion for Summary Judgment should be granted and the case remanded to the ALJ for further proceedings consistent with this order.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND**

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 13th day of October 2016.

John Johnston
United States Magistrate Judge