**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| SHANE R. PRICE, <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, <br> Commissioner of Social Security <br> Administration <br><br> Plaintiff. | CV 16-08-GF-BMM-JTJ <br><br><br> ORDER ADOPTING MAGISTRATE <br> JUDGE'S FINDINGS AND <br> RECOMMENDATIONS |

## I. BACKGROUND

Plaintiff Shane R. Price moves this Court for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and to either remand or reverse the decision of the Commissioner of Social Security Administration ("Commissioner") terminating his disability benefits. (Doc. 12.) On June 4, 2015, the Administrative Law Judge ("ALJ") determined that Mr. Price was no longer disabled as of June 1, 2014, and terminated his benefits. *Id.* at 13-20. The Appeals Counsel denied Mr. Price's request for review on December 15, 2015, making the ALJ's decision the final decision of the Commissioner. *Id.* at 1-5.

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on October 13, 2016. (Doc. 19.) Judge Johnston

1

recommended that the Court grant Mr. Price's motion and remand the case for further proceedings. No party filed an objection.

## II.     DISCUSSION

An ALJ follows an eight-step process to determine whether a claimant continues to be disabled for purposes of the Social Security Act under 20 C.F.R. § 404.1594. (Doc. 19 at 3-5.) Judge Johnston found that the ALJ's determination at step three, that Price experienced medical improvement, was premised on a legal error and was not supported by substantial evidence. *Id.* at 8. The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error.

A. Legal Standard

The Commissioner may terminate benefits if:

(A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and

(B) the individual is now able to engage in substantial gainful activity.

42 U.S.C. § 423(f)(1).

Medical improvement is defined as follows:

Medical improvement is any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be

disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with your impairment(s).

20 C.F.R. § 416.994(b)(1).

In relation to determining whether there has been medical improvement, 20 C.F.R. § 404.1594(b)(7) provides:

For purposes of determining whether medical improvement has occurred, we will compare the current medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled to the medical severity of that impairment(s) at that time.

The Commissioner bears the burden of establishing that a claimant has experienced medical improvement that would allow him to engage in substantial gainful activity. *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir.1983). The Court may set aside the ALJ's decision only when the decision is not supported by substantial evidence or when the decision is premised on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005).

B. <u>Analysis</u>

Mr. Price was found to be disabled on December 22, 2003, because he had status-post kidney transplant and focal glomerulosclerosis renal failure, which are medically determinable impairments. (Doc. 11-2 at 15.) That date represented the "comparable point decision" or CPD. *Id.* at 14-15. Mr. Price argues that he has not experienced medical improvement and continues to suffer from significant kidney

3

transplant related impairments that preclude him from working. (Doc. 12 at 24.) The Commissioner argues that Mr. Price's impairments have improved because he no longer meets a listing. (Doc. 17 at 6.) Whether Mr. Price currently meets a listing, however, represents step two of the eight-step analysis. This question of whether Mr. Price meets a listing presents a different issue from whether his impairments at CPD have medically improved, which is step three.

In rejecting Mr. Price's continued disability claim, the ALJ determined that the medical evidence supports a finding that medical improvement occurred as of June 1, 2014, because "there had been a decrease in medical severity of the impairments present at the time of the CPD." (Doc. 11-2 at 15.) The reasons that the ALJ articulated in support of this determination are: (1) Mr. Price received a kidney transplant at Virginia Mason, and had generally done well since; (2) Mr. Price's baseline serum creatinine was less than 1.8 dating back to at least 2008; and (3) Mr. Price denied episodes of rejection. *Id.*

The ALJ failed to compare, however, the current severity of Mr. Price's renal function impairments with the severity of his impairments when he was deemed disabled on December 22, 2003. The ALJ committed legal error by failing to perform this comparison as required by 20 C.F.R. § 404.1594(b)(7).

The reasons the ALJ cited in support of his medical improvement determination at step three all fail to provide substantial evidence of medical

4

improvement. The ALJ's first reason fails because at the time of CPD, Mr. Price had received a kidney transplant and the ALJ cites no evidence to establish that he was not doing well with his transplant at CPD. The ALJ's second reason fails because the ALJ cited no evidence to establish Mr. Price's baseline serum creatinine level at CPD. Therefore, whether a serum creatinine level of less than 1.8 as of June 1, 2014, and dating back to at least 2008 constitutes evidence of medical improvement proves speculative. The ALJ's third reason fails because the ALJ cited no evidence that Mr. Price had been experiencing episodes of rejection at CPD.

## III.  ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 19) is **ADOPTED IN FULL**. Mr. Price's summary judgment motion is **GRANTED**. The case is hereby **REMANDED** for further proceedings consistent with this order.

Dated this 22nd day of November, 2016.

Brian Morris
United States District Court Judge